THOMPSON, Judge.
The employer/carrier (E/C) appeal from a workers’ compensation order awarding, inter alia, temporary total disability (TTD) benefits, past and future medical, and attorney’s fees. The E/C contend the medical treatment and the compensation benefits awarded were not a result of and were not causally related to claimant’s industrial accident. We agree and reverse.
Claimant, a cook at the McPherson School, was initially injured September 15, 1982, when she attempted to keep a cart load of canned goods from tipping over. She immediately felt a sharp abdominal pain and fell to the floor. Upon being assisted to the bathroom, she discovered she was experiencing vaginal bleeding. The employer sent her to an emergency medical clinic where she was diagnosed as having abdominal muscle strain. Claimant was given pain medication and a muscle relaxant and sent home with instructions not to work until September 17, 1982. She did not improve and returned to the clinic on September 17 complaining of continued pain and bleeding. Tests to determine the cause of claimant’s problems were performed, including a pregnancy test which was positive. Claimant was then told she needed a D & C and was advised to consult her own gynecologist. Because her gynecologist was out of town that day, claimant sought treatment at Shands Teaching Hospital in Gainesville (Shands). Claimant gave the physicians at Shands a history of abnormal menses, and of sharp abdominal pain, bleeding and occasional syncope for the previous two days. A pregnancy test at Shands was negative. The claimant’s history and symptoms led the Shands doc *639 tors to believe she might be suffering from the effects of an ectopic pregnancy, and they admitted her for a D & C and an exploratory mini-laparotomy. After these procedures, the Shands doctors concluded that the claimant had a normal menstrual endometrium and was not suffering from an ectopic pregnancy. She was discharged on September 18, 1982, with instructions to remain off work for three weeks to give her small surgical incision time to heal.
The two Shands doctors who testified both stated that the claimant was admitted to the hospital for the purpose of ruling out an ectopic pregnancy and both were of the opinion that all of claimant’s problems at the time of admission, with the possible exception of her abdominal pain were unrelated to the accident. The gynecologist who treated claimant in April 1983 for continuing abdominal pain and abnormally heavy menses stated in his report that it was “very unlikely” that the accident could have caused claimant’s abnormal vaginal bleeding. The records of the gynecologist who had been treating the claimant prior to the accident show that on September 3, 1982, just twelve days before the accident, she came to the emergency room complaining of “urinary tract symptoms.” No doctor testified that either the abnormal menses or the necessity for hospitalization of the claimant was a result of the accident.
The E/C did authorize the initial medical treatment at the emergency treatment center, but subsequently controverted the claim and have paid no compensation benefits thereafter.
The deputy commissioner made no finding that the disability or medical treatment of the claimant was causally related to the industrial accident and there is no competent substantial evidence of any causal relationship. On the contrary, all of the medical evidence affirmatively shows that there was no causal relationship between the industrial accident and the claimant’s disability and need for medical treatment. As a result of the finding of no causal relationship between the industrial accident and claimant’s disability, the award of TTD benefits, past and future medical care, •costs, mileage, and attorney’s fees is reversed.
REVERSED and REMANDED with instructions to enter an order denying the claim.
SHIVERS and JOANOS, JJ„ concur.